519140

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

STEPHEN QUIMBY

VS.                                                              CA NO:

RHODE ISLAND TEXTILE COMPANY, Administrator

Rhode Island Textile Company Group Long-Term Disability Benefits Plan

and UNITED OF OMAHA LIFE INSURANCE COMPANY

### COMPLAINT IN CIVIL ACTION

NOW COMES the Plaintiff, Stephen Quimby by his attorney, Mark B. Morse, and sets forth the following:

### JURISDICTION AND VENUE

Plaintiff brings this action to recovery damages and for equitable relief under the provisions of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq., and particularly Section 510 (20 U.S.C. 1140), 20 U.S.C. 1104 *et seq.*, and all other applicable provisions of the Act to redress the termination of his Long-Term Disability Benefits, which was done pretextually and with the purpose of interfering with a right to which he was entitled under an employee benefit plan.

### THE PARTIES

1. Plaintiff is a citizen of the United States of America and a legal resident of 244 Harriet Lane, Cumberland, RI, however temporarily residing at Cape Coral, Florida.  At all times

material hereto, Plaintiff has been an employee of Rhode Island Textile Company. (hereinafter the Employer) since in or about February 4, 2013, most recently as the Director of Information Technology.

2. The Employer, incorporated in the State of Rhode Island, with a principal place of business at 35 Martin St, Cumberland, RI 02864 is a corporation authorized to do business in the State of Rhode Island doing business as a textile manufacturer, and located at 35 Martin St, Cumberland, RI 02864.

3. The Employer is an employer within the meaning of ERISA.

4. The Employer maintains an employee benefit plan known as the Rhode Island Textile Company Group Long-Term Disability Benefits Plan (herein the Plan) and Rhode Island Textile Company is the plan sponsor of the Plan within the meaning of ERISA.

5. Defendant Rhode Island Textile Company; (herein Plan Administrator), is a corporation which serves as the Plan Administrator of the Plan within the meaning of ERISA.

6. Defendant UNITED OF OMAHA LIFE INSURANCE COMPANY (hereinafter United of Omaha) is a corporation engaged in the business of insurance with a principal place of business in Omaha, Nebraska and which is authorized to do business in the State of Rhode Island.

**FACTUAL ALLEGATIONS**

7. At all times material hereto, the Employer and the Plan Administrator caused United of Omaha to have issued to the Employer a policy of group disability insurance for certain of the Employer's employees, including Plaintiff.

8. Pursuant to the terms and conditions of the aforesaid policy, Plaintiff was an insured under said policy.

9. The Plan Administrator administers the Plan through the aforesaid policy purchased from United of Omaha.

10. By virtue of the relationship by and among the Employer, the Plan Administrator and United of Omaha jointly administer the Plan.

11. The Plan is an employee benefit plan within the meaning of ERISA, and 29 U.S.C. '1002(4), 29 U.S.C. § 1104 et seq., and 29 U.S.C. § 1140.

12. On or about February 5, 2016 Plaintiff sustained substantial injuries.

13. Since on or about February 5, 2016 Plaintiff has been unable to perform the substantial duties of his job or from any substantial and gainful employment.

14. Since February 5, 2016, Plaintiff has been diagnosed with various debilitating injuries and illnesses, including: pneumoconiosis, severe asthmaticus, hypoxia, with severe persistent intractable symptoms. He is on high-dose steroids with profound side-effects, but he cannot live without the steroids. He is tethered to oxygen 24/7, has known anaphylactic reactions, Chronic Obstructive Lung Disease, Chronic Hypoxemic Respiratory Failure, pulmonary embolisms and DVTs.  The profound side-effects from the medications are: Stage 2 (senile) osteoporosis resulting in multiple rib, spinal and small bone fractures, chronic back pain, chronic compression fractures, multiple lumbar disc herniations, multi-level disc space narrowing, S-I joint arthrosis bilaterally, opioid dependence, secondary peripheral neuropathy, migraines, Cushingoid facies, lack of a functioning immune system, Steatosis of the liver,

Atherosclerosis of the Aorta, Achilles tendinitis, ocular hypertension, memory impairment; forgetfulness and confusion, Insomnia, vertigo, edema, L-2 bone edema, bilateral tinnitus, essential hypertension, hyperglycemia, muscle and joint pain, sinus tachycardia, palpitations, mixed hyperlipidemia, heart murmur, severe recurrent major depression, abdominal hernias, skin tears and skin striations, increased Body Mass Index, pre-diabetes, and gastroesophageal reflux disease.

15. As a result of his injuries and illnesses, since on or about February 5, 2016, Plaintiff has been, and continues to be, disabled within the meaning of the Plan.

16. Commencing on or about May 6, 2016, following the applicable elimination period, Plaintiff was entitled to Long-Term Disability Benefits.

17. On or about May 5, 2018 the Plan Administrator, and United of Omaha discontinued Plaintiff's disability benefits, even though he remained disabled within the meaning of the Plan.

18. Plaintiff filed a timely appeal of the termination of his benefits in accordance with the Plan requirements and instructions in the initial letter of denial, however, on or about February 28, 2020 the Plan Administrator and United of Omaha denied Plaintiff's appeal.

19. There was, and is, no legal or factual basis for denial of the claims presented by Plaintiff.

20. Plaintiff has complied with all requirements of the administrative claims procedures as set forth in the Plan.

21. Plaintiff met all of the conditions and qualifications for payment of Long-Term Disability Benefits and is entitled to receive and Defendants obligated to pay same.

22. Defendants have failed to keep their agreements and promises by refusing to pay Long-Term Disability Benefits under the group disability policy and the Plan, and in so doing have breached same.

23. Plaintiff is totally disabled as defined under the terms of the Plan, and is entitled to Long Term Disability Benefits pursuant to the Plan.

**(ERISA VIOLATION, 29 U.S.C.§1001 ET SEQ.)**

24. Plaintiff incorporates by reference the allegations set forth above in Paragraphs 1 through 23, inclusive, as if more fully set forth herein.

25. The Plan Administrator and United of Omaha owe the obligation to completely, fairly and accurately evaluate and process all claims and pay those claims in a non arbitrary and capricious manner.

26. Since on or about May 6, 2016 Plaintiff has been entitled to Long-Term Disability Benefits under the terms of the Plan.

27. The Plan Administrator and United of Omaha terminated Plaintiff's benefits and have refused to pay Plaintiff's benefits in violation of the written provisions of the Plan.

28. The denial of Plaintiff's disability benefits by the Plan Administrator and United of Omaha constitute a purposeful and arbitrary and capricious interference with Plaintiff's right to benefits under the employee benefit plan.

29. United of Omaha has acted under an inherent conflict of interest in both funding and administering benefits under the Plan.

30. By virtue of the actions of the Plan Administrator and United of Omaha, the defendants have breached their fiduciary obligations.

WHEREFORE, Plaintiff requests that this Court exercise jurisdiction over his claims and award:

(A) Full Legal and equitable relief under ERISA, including Long-Term Disability Benefits and prejudgment interest;

(B) Compensatory damages;

(C) Attorney's fee and costs of this action; and

(D) Such other relief as the law and equity will allow.

> PLAINTIFF
> By his Attorneys,
> Law Office of Mark B. Morse, LLC
>
> /s/ Mark B. Morse
> _____
> MARK B. MORSE, Esq.
> RI Bar Reg No 3003
> 420 Angell Street
> Providence, RI 02906
> (401) 831-0555
> fax (401) 273-0937
> email: mark@morselawoffice.com